# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

CASE NO. 0:19-cv-60978 RAR

LIFECELL IP HOLDINGS, LLC, a
Florida limited liability company,
and SOUTH BEACH SKINCARE, INC.,
a Florida corporation,

      Plaintiffs,

vs.

COSMEDIQUE, LLC, a Delaware limited liability
company, and GLOBAL MEDIA GROUP, LLC,
a Delaware limited liability company, and
VYACHESLAV BORODIN, an individual and DOES 1-5

      Defendants.

_____/

## PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' AMENDED COMPLAINT PURSUANT TO RULES 12(b)(1) and 12(b)(6)

Plaintiffs LIFECELL IP HOLDINGS, LLC and SOUTH BEACH SKIN CARE, INC. (herein collectively "Plaintiffs" or "LIFECELL") hereby file this response to Defendants, COSMEDIQUE, LLC (herein "COSMEDIQUE"), GLOBAL MEDIA GROUP, LLC (herein "GLOBAL"), and VYACHESLAV BORODIN (herein "BORODIN") (collectively herein "Defendants") Motion to Dismiss Plaintiffs' First Amended Complaint (ECF 72) (herein "FAC").

i

**Table of Contents**

# Table of Contents

I.    Introduction ......................................................................................................... 1

II.        Defendants' Exhibits, Extraneous Facts and Arguments are Outside the Four Corners of the Complaint ................................................................................................... 1

III.    Standard for Dismissal on Fed.R.Civ.P 12(b)(1)- lack of subject matter jurisdiction ........... 3

    A.    Product packaging is Advertising .................................................................. 4

    B.    Reliance on "information and belief" is Well Placed When Facts are Within the Control of Defendants ............................................................................................... 5

    C.    Plaintiffs' FAC is not a Shotgun Pleading and Includes a Substantial Facts in Support of Each Count therein .......................................................................... 7

IV.    Standard for Dismissal on Fed. R. Civ.P 12(b)(6)- Failure to State a Claim ..................... 8

    A.    Plaintiffs Are within the "Zone of Interest," Have Standing to Assert False Advertising Claim, and Have Stated a Cause of Action .......................................................... 9

    B.    Plaintiffs Allege Copyright Infringement with Specificity and Plausibility, Plaintiffs do not assert Trade Dress Infringement in Count II .......................................... 11

    C.    Plaintiffs' Box and Tube are Subject to Copyright Protection ........................... 13

    D.    Plaintiffs' Common Law Unfair Competition is Well Pled ................................ 15

V.    Conclusion .......................................................................................................... 16

## Table of Citations

*Advisors Excel, LLC v. Scranton*, 2014 U.S. Dist. LEXIS 199141*4-6 (S.D. Fla. 2014)............ 11

*Ashcroft v. Iqbal*, 556 U. S. 662, 678 (2009). ....................................................................... 9

*Belik v. Carlson Travel Grp., Inc.*, 864 F. Supp. 2d 1302, 1311 (S.D. Fla. 2011) ...................... 6

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)............................................................ 9

*Bridge v. Phoenix Bond & Indem. Co.*, 553 U.S. 639 (2008)....................................................... 7

*BUC Int'l Corp. v. Int'l Yacht Council Ltd.*, 489 F.3d 1129, 1151 (11th Cir. 2007) .................. 14

*Byrne v. Nezhat*, 261 F.3d 1075, 1128-30 (11th Cir. 2001).......................................................... 7

*Calhoun v. Lillenas Publ'g*, 298 F.3d 1228, 1232 (11th Cir. 2002)............................................ 12

*Chevaldina v. Katz* 2018 U.S. Dist. LEXIS 28725 *7 (S.D. Fla. 2018) ...................................... 3

*Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957).................................. 9

*Corwin v. Walt Disney Co.*, 475 F.3d 1239, 1253 (11th Cir. 2007). ........................................... 13

*Crystal Entm't & Filmworks, Inc. v. Jurado*, 643 F.3d 1313, 1323 (11th Cir. 2011)................... 16

*Custom Mfg. and Eng'g, Inc. v. Midway Servs., Inc.*, 508 F.3d 641, 652 (11th Cir. 2007)......... 16

*Diamond Resorts Int'l, Inc. v. US Consumer Attys., P.A.*, 2019 U.S. Dist. LEXIS 112714 *18-19 (S.D.Fla. 2019) ............................................................................................................... 10

*Dubyk v. RLG Pizza. Inc.*, 2014 U.S. Dist. LEXIS 34422 *2 (S.D. Fla. Mar. 17, 2014) ............. 6

*Dusek v. JPMorgan Chase & Co.*, 832 F.3d 1243, 1246 (11th Cir. 2016)................................... 8

*Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991).................................. 13, 14

*Gordon & Breach Science Publishers, S.A. v. America Institute of Physics*, 859 F. Supp. 1521, 1535-36 (S.D.N.Y. 1994) .................................................................................................. 4

*Gross v. White*, 340 F. App'x 527, 534 (11th Cir. 2009) ........................................................... 2

*Hi-Tech Pharmaceuticals, Inc. v. HBS Int'l Corp.*, 910 F.3d 1186, 1197 (11th Cir.2018) .......... 10

*Home Legend, LLC v. Mannington Mills, Inc.*, 784 F.3d 1404, 1411 (11th Cir. 2015) ............... 14

*Incarcerated Entertainment, LLC v. Warner Bros. Pictures*, 261 F. Supp. 3d 1220, 1233 (M.D. Fla. 2017).......................................................................................................................... 11

*Junco v. Adventist Health Care Sys.*, 2018 U.S. Dist. LEXIS 162428 *2 (S.D. Fla. Sept. 24, 2018).................................................................................................................................. 2

*Kleiner v. First National Bank of Atlanta*, 751 F.2d 1193, 1204, n. 22 (11th Cir. 1985)............... 4

*Lacayo v. Wells Fargo Bank, N.A.*, 2018 U.S. Dist. LEXIS 204226*15 (S.D. Fla. 2018)............. 2

Lanham Act 15 U.S.C. §25(a) ................................................................................................ 16

*Latimer v. Roaring Toyz, Inc.*, 601 F.3d 1224, 1233 (11th Cir. 2010) ...................................... 12

*Lawrence v. Dunbar,* 919 F.2d 1525, 1528-29 (11th Cir.1990) ................................................. 3

*Lexmark Int'l. Inc. v. Static Control Components, Inc.*, 572 U.S. 118 (2014).............................. 10

*Lexmark Int'l. Inc. v. Static Control Components, Inc.*, 572 U.S. 118, 134 S.Ct. 1377, 1387-88, 188 L. Ed. 2d 392 (2014)................................................................................................... 11

*Magluta v. Samples*, 375 F.3d 1269, 1273 (11th Cir. 2004)..................................................... 9

*Nat'l Numismatic Certification, LLC. v. eBay, Inc.*, 2008 U.S. Dist. LEXIS 109793, 2008 WL 2704404, at *16 (M.D. Fla. 2008) ....................................................................................... 8

*Palm Partners, LLC v. Palm Beach Treatment Ctr., LLC*, 2017 U.S. Dist. LEXIS 133401 *6

(S.D. Fla. 2017) ................................................................................................ 5

*Penelope v. Brown*, 792 F. Supp. 132, 135 (D. Mass. 1992) ...................................... 14

*Phoenix of Broward, Inc. v McDonald's Corp.*, 489 F.3d 1156, 1172 (11th Cir. 2007) .......... 9,10

*Planetary Motion, Inc. v. Techsplosion, Inc.*, 261 F.3d 1188, 1193 n.4 (11th Cir. 2001). .......... 16

*Professional LED Lighting, Ltd. v. Aadyn Technology, LLC et al.*, 2015 U.S. Dist. LEXIS 19410, *26 (S.D. Fla. 2015) ............................................................................................ 9

*Progressive Lighting, Inc. v. Lowe's Home Ctrs., Inc.*, 549 Fed. Appx. 913, 918 (11th Cir. 2013) ................................................................................................ 12,14

*Raimbeault v. Accurate Machine & Tool, LLC*, 2014 U.S. Dist. LEXIS 140313, *31 (S.D. Fla. 2014) ........................................................................................... 7

*Roulo v. Russ Berrie & Co.*, 886 F.2d 931, 934 (7th Cir. 1989) .................................... 13

*Saregama India Ltd. v. Mosley*, 635 F.3d 1284, 1290 (11th Cir. 2011) ........................ 12

*Shevy Custom Wigs, Inc. v. Aggie Wigs, 2006 U.S. Dist. Lexis 83495(E.D.N.Y. 2006)* .............. 13

*Smith v. Casey*, 741 F.3d 1236, 1241 (11th Cir. 2014) .............................................. 12

*Speaker v. U.S. Dep't of Health and Human Servs. Ctrs. for Disease Control and Prevention*, 623 F.3d 1371, 1379 (11th Cir. 2010) ...................................................................... 1

*Sream, Inc. v. Habsa Enter.*, 2018 U.S. Dist. LEXIS 16741 *4 (S.D. Fla. 2018) ...................... 10

*Stalley v. Orlando Reg'l Healthcare Sys., Inc.*, 524 F.3d 1229, 1232-33 (11th Cir.2008) .............. 3

*Suntree Techs., Inc. v. Ecosense Int'l, Inc.*, 693 F.3d 1338, 1345 (11th Cir. 2012) ...................... 16

*Swierkiewicz v. Sorema N.A.*, 534 U. S. 506, 512 (2002) .......................................... 9

*USA Nutraceuticals Grp., Inc. v. BPI Sports, LLC*, 2016 U.S. Dist. LEXIS 195735 *15-16 (S.D. Fla. 2016) ........................................................................................... 4,5

*USI Ins. Servs. LLC v. Simokonis*, 2016 U.S. Dist. LEXIS 195708 *38-39 (S.D. Fla. 2016) ........ 6

*VG Innovations, Inc. v. Minsurg Corp.*, 2011 U.S. Dist. LEXIS 41756, 2011 WL 1466181, at *5 (M.D. Fla. 2011) ........................................................................................... 4

17 U.S.C. § 103 ............................................................................................. 14

17 U.S.C. § 410(c) ..................................................................................... 13,14

Fed. R. Civ. P. 8 ............................................................................................ 7

Fed.R.Civ.P. 12(b)(1) ................................................................................... 1,3

Fed.R.Civ.P. 12(b)(6) ..................................................................................... 1

## I.    Introduction

Defendants' third attempt at filing a Motion to dismiss alleges two grounds for dismissal: (1) Fed.R.Civ.P. 12(b)(1)- lack of subject matter jurisdiction and (2) Fed.R.Civ.P. 12(b)(6)- failure to state a claim upon which relief can be granted.    Defendants' Motion also throws in allegations that the FAC is a "shotgun" pleading, that the FAC is devoid of factual plausible allegations, and that the FAC commingles the three Counts in violation of Fed.R.Civ.P.8(a)(2).    See Defendants' Motion to Dismiss (ECF 72, ¶8).    Other than a disjointed recitation of some law, Defendants fail to support their motion with any facts allegedly missing from the FAC.    To the contrary, the FAC contains significant factual support for each and every Count.    See ECF 30, ¶ 8-32, and incorporated within the Counts in 34-47, 49-60, 62-79.    Defendants fail to meet the threshold of establishing a lack of subject matter or a failure to state a claim, therefore, their Motion to Dismiss must be denied.

Defendants' Motion to Dismiss intertwines the two grounds for dismissal in an often difficult to follow brief.    Plaintiffs attempt to address each issue into segmented groups below, despite Defendants brief not having specific section numbers and often repeating topics.

## II.    Defendants' Exhibits, Extraneous Facts and Arguments are Outside the Four Corners of the Complaint

Defendants were previously put on notice of the improper nature of documents outside the Four corners of the Complaint. (See ECF 48). However, Defendants' Exhibits A-C are still outside the four corners of the Complaint, should not be considered in the context of a Motion to Dismiss, and should be struck from the record.    The scope of review on a motion to dismiss under Rule 12(b)(6) is limited to the four corners of the complaint. See *Speaker v. U.S. Dep't of Health and*

1

*Human Servs. Ctrs. for Disease Control and Prevention,* 623 F.3d 1371, 1379 (11th Cir. 2010). If matters outside the pleadings are presented by the parties and considered by the district court, the Rule 12(b)(c) motion must be converted into a Rule 56 summary judgment motion. Fed. R. Civ. P. 12(d). "Normally the Court's examination on a motion to dismiss is limited to the operative complaint and the exhibits attached thereto; however, the Court may consider documents and exhibits the plaintiff attached to the original complaint as well." *Lacayo v. Wells Fargo Bank, N.A.*, 2018 U.S. Dist. LEXIS 204226*15 (S.D. Fla. 2018) citing to see *Gross v. White*, 340 F. App'x 527, 534 (11th Cir. 2009); *Junco v. Adventist Health Care Sys.*, 2018 U.S. Dist. LEXIS 162428 *2 (S.D. Fla. Sept. 24, 2018). Defendants attempt to improperly introduce a cease and desist letter (ECF 72 Exh A), that was sent after the present litigation was filed, copies of the shape of its packaging (ECF 72 Exh B) and a "score card" that Defendants' counsel created (ECF 72 Exh C). None of these exhibits were discussed in the FAC and as such should be stricken from the record.

Defendants also spend time discussing "the nature of the common business of the parties" in the Motion to Dismiss. See ECF 72, ¶5-6, 15-18. These paragraphs cite to and rely upon the improper exhibits A and B. These paragraphs introduce unrelated and extraneous information in connection with the sufficiency of the Amended Complaint. Defendants even acknowledge that such "facts and actions will be addresses, as appropriate in subsequent pleading and/or ancillary actions." See MTD Footnote 3, p.8. Since they have no legal argument associated with the Amended Complaint, Plaintiffs request that the Court should ignore and/or strike these paragraphs and exhibits.

### III.     Standard for Dismissal on Fed.R.Civ.P 12(b)(1)- lack of subject matter jurisdiction

Defendants' Motion to dismiss alleges a lack of subject matter jurisdiction under Fed.R.Civ.P. 12(b)(1).   "'Attacks on subject matter jurisdiction under Fed.R.Civ.P. 12(b)(1) come in two forms': facial attacks and factual attacks." *Chevaldina v. Katz* 2018 U.S. Dist. LEXIS 28725 *7 (S.D. Fla. 2018) citing to *Lawrence v. Dunbar,* 919 F.2d 1525, 1528-29 (11th Cir.1990); see *Stalley v. Orlando Reg'l Healthcare Sys., Inc*., 524 F.3d 1229, 1232-33 (11th Cir.2008). "Facial attacks on the complaint require[] the court merely to look and see if [a] plaintiff has sufficiently alleged a basis of subject matter jurisdiction, and the allegations in his complaint are taken as true for the purposes of the motion." *Lawrence*, 919 F.2d at 1529. On a facial attack, a plaintiff is given similar safeguards as those afforded to plaintiffs who oppose a motion to dismiss for failure to state a claim—that is, "the court must consider the allegations of the complaint to be true." *Id.* Defendants Motion to Dismiss is a facial attack, and bases their lack of subject matter argument on a belief that Plaintiffs do not have standing to assert a false advertising claim in connection with Defendants' unauthorized use of the PETA certification mark on their product packaging. Specifically, Defendants allege that the product packaging is not considered "advertising."   It is firmly established that product packaging is advertising and falls within the false advertising umbrella. Moreover, as set forth in section IV.A. below for failure to state a claim, precedential case law establishes that Plaintiffs are within the "zone of interest" and are conferred standing to assert a false advertising claim against a competitor.

## A.   Product packaging is Advertising

Defendants contend that their product packaging should not be considered advertising, because the product packaging is not shown on their website. However, Defendants fail to cite to any legal support for the proposition that product packaging is not advertising.   Contrary to Defendants limited view of advertising, product packaging is considered advertising under false advertising law. "Commercial speech encompasses not merely direct invitations to trade, but also communications designed to advance business interests." *VG Innovations, Inc. v. Minsurg Corp*., 2011 U.S. Dist. LEXIS 41756, 2011 WL 1466181, at *5 (M.D. Fla. 2011) (quoting *Kleiner v. First National Bank of Atlanta*, 751 F.2d 1193, 1204, n. 22 (11th Cir. 1985). A false statement constitutes commercial advertising or promotion where the statement is (1) commercial speech; (2) by a defendant who is in commercial competition with the plaintiff; (3) for the purpose of influencing consumers to buy defendant's goods or services. *VG Innovations, Inc*., 2011 U.S. Dist. LEXIS 41756 at *5 (citing *Gordon & Breach Science Publishers, S.A. v. America Institute of Physics*, 859 F. Supp. 1521, 1535-36 (S.D.N.Y. 1994)).   Product packaging clearly meets this criteria and is considered advertising within the purview of false advertising law.

In *USA Nutraceuticals Grp., Inc.*, the Court denied a Motion to Dismiss finding the plaintiff had standing to assert false advertising based on BPI's use of the word "Best" in their **product packaging** (allegedly comparable to Beast's use of the word "Beast").   See *USA Nutraceuticals Grp., Inc. v. BPI Sports, LLC*, 2016 U.S. Dist. LEXIS 195735 *3(S.D. Fla. 2016) (emphasis added).

> Beast alleges that the misrepresentations on the Best BCAA label results "in a material deception," which "wrongly influenc[es] purchasing decisions and caus[es] past and continued future injury to [Beast]." Amend Compl. at ¶ 59.

4

> Although not the most articulate and verbose of allegations, when taking such allegations as true and evaluating all plausible inferences derived from them in Beast's favor, it is evident that Beast has been harmed by virtue of sales diversion. That is, due to BPI's purported misrepresentations concerning the contents of Best BCAA, consumers are likely to purchase BPI's product over Beasts. This is sufficient to meet the Lanham Act's requirements. An entity is within the zone of interest of § 1125(a) where there is "injury to a commercial interest in reputation or sales." *Lexmark*, 134 S. Ct. at 1389- 91 (noting that (emphasis supplied). As to proximate cause, economic or reputational injury "occurs when deception of consumers causes them to withhold trade from the plaintiff," i.e. a loss of sales. See id. (emphasis supplied). Therefore, Beast has standing to pursue such claims.

*USA Nutraceuticals Grp., Inc. v. BPI Sports, LLC*, 2016 U.S. Dist. LEXIS 195735 *15-16 (S.D. Fla. 2016).   Product packaging is clearly capable of forming the basis for false advertising claims and Plaintiffs have succinctly pled facts sufficient to establish a Count for false advertising based upon Defendants unauthorized use of the PETA certification mark on its product packaging.

Additionally, contrary to Defendants' allegations that Plaintiffs failed to allege sufficient injury, Plaintiffs FAC includes allegations that LIFECELL has sustained injury and damage caused by COSMEDIQUE's conduct because COSMEDIQUE's use of the PETA Cruelty Free Marks has harmed LIFECELL, a competitor and certified/authorized user of the PETA Cruelty Free Mark. See FAC, ¶38 and ¶41.   Clearly, the unauthorized misuse of a certification mark on a competitor's product will influence and mislead consumers resulting in the loss of sales to those that are authorized to use the mark.   See *USA Nutraceuticals Grp., Inc. v. BPI Sports, LLC*, 2016 U.S. Dist. LEXIS 195735 *15-16 (S.D. Fla. 2016).

    **B.**   **Reliance on "information and belief" is Well Placed When Facts are Within the Control of Defendants**

"Pleading on information [and] *belief* is still permissible where [] the facts are 'peculiarly within the possession and control of the defendant.'" *Palm Partners, LLC v. Palm Beach Treatment*

*Ctr.,* LLC, 2017 U.S. Dist. LEXIS 133401 *6 (S.D. Fla. 2017) citing to *Belik v. Carlson Travel Grp., Inc.*, 864 F. Supp. 2d 1302, 1311 (S.D. Fla. 2011). This Court has recognized that "'[t]he *Twombly* plausibility standard . . . does not prevent a plaintiff from pleading facts alleged upon information and belief where the facts are peculiarly within the possession and control of the defendant, or where the belief is based on factual information that makes the inference of culpability plausible.'" *Dubyk v. RLG Pizza. Inc*., 2014 U.S. Dist. LEXIS 34422 *2 (S.D. Fla. Mar. 17, 2014); see also *USI Ins. Servs. LLC v. Simokonis*, 2016 U.S. Dist. LEXIS 195708 *38-39 (S.D. Fla. 2016). That is the case here. Plaintiffs' damage and injury due to lost sales are directly in Defendants' control. Plaintiffs do not know the volume of Defendants' sales or diversion of sales and customers away from Plaintiffs. Some or all of this data is attributable to Plaintiffs lost sales due to Defendants' unauthorized use of the PETA certification mark.

Defendants fail to note that the FAC allegations that include the phrase "upon information and belief" include facts, not simply conjectures or conclusions.   The allegations of false advertising in connection with the PETA certification mark contain inherent injuries and damage to competitors that rightfully are awarded use of those marks.   The injury is evident given the nature of the products.   The product is skin cream which is being applied and absorbed into customers' skin.   Customers of these products are equally informed and concerned about how the products were manufactured and tested and what they are putting into their bodies. Moreover, the number of customers that base product purchase decisions on the product being protective of environmental and animal welfare causes increases year after year.    Therefore, the Count for false advertising in connection with the unauthorized use of the PETA certification mark contains inherent injuries and damage to competitors.   Customers that base their product purchase decision

6

on such certifications would be appalled to find out that the product may have been tested on animals.   Plaintiffs are alleging injury and damage from a direct competitor through the unauthorized use of the PETA certification mark. Plaintiffs do not know the full extent of the damages because Defendants' sales volumes are exclusively within its control.   Plaintiffs have met the requirements for pleading and Defendants' Motion to Dismiss must be denied.

### C.   Plaintiffs' FAC is not a Shotgun Pleading and Includes a Substantial Facts in Support of Each Count therein

Defendants argue that the FAC should be dismissed because it is a "shotgun" pleading and it lacks differentiation as to which claims are directed at which Defendants and, specifically, a "hodgepodge" of different causes of action against different Defendants. (See ECF 72 ¶13-14, and 29-43) However, this argument lacks merit.   A complaint that fails to articulate claims with sufficient clarity to allow the defendant to frame a responsive pleading constitutes a "shotgun pleading," which runs afoul of Fed. R. Civ. P. 8. See *Byrne v. Nezhat*, 261 F.3d 1075, 1128-30 (11th Cir. 2001) abrogated on other grounds by *Bridge v. Phoenix Bond & Indem. Co*., 553 U.S. 639 (2008).   Plaintiffs' FAC is not a "shotgun" pleading in any way, shape or form. The face of the FAC clearly articulates its claims for relief, facts in support and provides sufficient clarity to allow Defendants to frame a responsive pleading. In fact, Defendants' counsel's created "scorecard" (although inadmissible and which should not be considered by this Court) of the FAC, that specifically breaks out Defendants and Counts, proving that it is completely feasible to parse the Counts to the respective Defendants.   See ECF 72, Exhibit C.

Plaintiffs clearly set forth specific allegations. "The First Amended Complaint does not merely 'lump together' the separate corporate entities and individuals as one amorphous defendant." *Raimbeault v. Accurate Machine & Tool, LLC*, 2014 U.S. Dist. LEXIS 140313, *31

(S.D. Fla. 2014).   The rules do not require that a Plaintiff copy and paste the same language applicable to separate defendants into dozens of separate paragraphs. See *Nat'l Numismatic Certification, LLC. v. eBay, Inc*., 2008 U.S. Dist. LEXIS 109793, 2008 WL 2704404, at \*16 (M.D. Fla. 2008) (listing of multiple defendants permitted "in the context of a narrative;" plaintiff   need not simply "multiply the number of paragraphs in the [c]omplaint")." *Id.* at 31-32.   Plaintiffs have directed each allegation at each of the Defendants.   As a result, Defendants have fair notice of the claims against them.   The factual allegations supporting these claims against each Defendant are clearly set forth in the FAC, (ECF 30), for instance see FAC ¶ 16-32.

Defendants themselves are so interrelated that it is impossible, at this stage, to further separate their infringing actions.   One Defendant company owns the trademark, while the other Defendant company markets and sells the product.   Defendants attempt to play a game of semantics to support their argument.   However, the FAC is clear what Plaintiffs are asserting in each and every paragraph. Plaintiffs' claims are short and plain, each of which furthers Plaintiffs argument that they are entitled to relief.   Furthermore, discovery is ongoing in this case and therefore Plaintiffs are still gathering information as to the specific roles played by each of the Defendants.   Defendants have not met their burden of showing that Plaintiffs cannot prove any facts entitling Plaintiffs to relief. As such, the FAC meets the pleading requirements of the Federal Rules of Civil Procedure.

### IV.   Standard for Dismissal on Fed. R. Civ.P 12(b)(6)- Failure to State a Claim

On a motion to dismiss under Rule 12(b)(6), the Court must view the well-pled factual allegations in a claim in the light most favorable to the non-moving party. See *Dusek v. JPMorgan Chase & Co*., 832 F.3d 1243, 1246 (11th Cir. 2016). To satisfy the Rule 8 pleading requirements,

8

a claim must provide the defendant fair notice of plaintiff's claim and the grounds upon which it rests. See *Swierkiewicz v. Sorema N.A.*, 534 U. S. 506, 512 (2002). While a claim "does not need detailed factual allegations," it must provide "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); see *Ashcroft v. Iqbal*, 556 U. S. 662, 678 (2009). The Supreme Court has emphasized that "[t]o survive a motion to dismiss a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 555.

"Dismissal pursuant to Rule 12(b)(6) is not appropriate 'unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Professional LED Lighting, Ltd. v. Aadyn Technology, LLC et al.*, 2015 U.S. Dist. LEXIS 19410, *26 (S.D. Fla. 2015), citing *Magluta v. Samples*, 375 F.3d 1269, 1273 (11th Cir. 2004) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957)). As such, this Court must construe Plaintiffs' FAC in a light most favorable to Plaintiffs, accepting all facts alleged by Plaintiff as true. Plaintiffs' FAC is not a "shotgun" pleading, as Defendants argue. Plaintiffs clearly set forth factual allegations that support the Counts of false advertising, copyright infringement and unfair competition and establish the Plaintiffs' grounds of their entitlement to relief.

    A. **Plaintiffs Are within the "Zone of Interest," Have Standing to Assert False Advertising Claim, and Have Stated a Cause of Action**

The Defendants continue to cite to *Phoenix of Broward, Inc. v. McDonald's Corp.* for the proposition that Plaintiffs lack standing based upon the attenuated link between the claimed injury and misrepresentations. See Motion to Dismiss, ECF 72, ¶50-53. Despite being told about this

failed case law, Defendants continue to rely upon it. The case relied upon by Defendants was

expressly abrogated by the Supreme Court.

> Defendant contends that it is entitled to summary judgment as to Plaintiff's
> unfair competition and FDUTPA claims on the grounds that Plaintiff lacks
> standing to pursue those claims.   Defendant relies on the Eleventh Circuit's
> approach to prudential standing in *Phoenix of Broward, Inc. v McDonald's
> Corp*., 489 F.3d 1156, 1172 (11th Cir. 2007). However, **Phoenix was expressly
> abrogated by the Supreme Court** in *Lexmark Int'l. Inc. v. Static Control
> Components, Inc.*, 572 U.S. 118, 134 S.Ct. 1377, 1387-88, 188 L. Ed. 2d 392
> (2014). In Lexmark, the Supreme Court held that "prudential standing" is not a
> relevant inquiry in determining whether a plaintiff has standing to maintain a
> private damages action for a false advertising under section 1125(a) of the
> Lanham Act. *Lexmark,* 134 S.Ct. at 1386-88. Rather, a plaintiff has standing to
> pursue a claim under § 1125(a) if the plaintiff's interests fall within the "zone of
> interests" of that statute based upon "an injury to a commercial interest in sales
> or      business      reputation      proximately      caused      by      the      defendant's
> misrepresentations." *Lexmark*, 134 S.Ct. at 1395.

*Sream, Inc. v. Habsa Enter*., 2018 U.S. Dist. LEXIS 16741 *4 (S.D. Fla. 2018) (emphasis added).

As provided in the FAC, direct competition and the resulting loss of sales is a sufficiently

pled injury in false advertising. Additional information requires fact determinations and discovery.

A motion to dismiss is not appropriate where facts are at issue. See *Hi-Tech Pharmaceuticals, Inc.

v. HBS Int'l Corp.*, 910 F.3d 1186, 1197 (11th Cir.2018) (reversing dismissal of Lanham Act claim

because "no part of the *Twombly-Iqbal* pleading standard requires a plaintiff to provide evidence

for the factual allegations in a complaint before they are 'entitled to the assumption of truth' at the

motion-to-dismiss stage"). "[Defendant] cites no authority to support its contention that Plaintiff

must allege in 'detail' how its good will was damaged or how its sales declined… [Defendant]

may instead seek discovery on the nature and extent of Plaintiff's damages." *Diamond Resorts Int'l,

Inc. v. US Consumer Attys., P.A*., 2019 U.S. Dist. LEXIS 112714 *18-19 (S.D.Fla. 2019) citing to

*Incarcerated Entertainment, LLC v. Warner Bros. Pictur*es, 261 F. Supp. 3d 1220, 1233 (M.D. Fla. 2017).

Plaintiffs' FAC includes allegations that LIFECELL has sustained injury and damage caused by COSMEDIQUE's conduct because COSMEDIQUE's use of the PETA Cruelty Free Marks has harmed LIFECELL, a competitor and certified/authorized user of the PETA Cruelty Free Mark. See FAC, ¶38 and ¶41.   Clearly, the unauthorized misuse of a certification mark on a competitor's product will influence and mislead consumers resulting in the loss of sales. See *Advisors Excel, LLC v. Scranton*, 2014 U.S. Dist. LEXIS 199141*4-6 (S.D. Fla. 2014) (the court found "it is easy to conclude that [Defendant] Scranton's statements were designed to advance [Defendant] Advisors' Academy's business interests through influencing customers to buy Advisors' Academy's services, rather than Plaintiff's.") Plaintiffs' interests fall within the "zone of interests" based upon an injury to a commercial interest in sales or business reputation proximately caused by the defendant's misrepresentations.   See *Lexmark Int'l. Inc. v. Static Control Components, Inc*., 572 U.S. 118 (2014).


### B.  Plaintiffs Allege Copyright Infringement with Specificity and Plausibility, Plaintiffs do not assert Trade Dress Infringement in Count II

Plaintiffs most recent iteration of the Motion to Dismiss, no longer explicitly titles the section as "trade dress" but nonetheless makes trade dress related arguments. Plaintiffs remain substantially confused as to why Defendants analyze Count II as a Trade Dress violation when it is clearly brought as a count for Copyright Infringement.   Plaintiffs succinctly pled a Copyright Infringement count.

"To make out a prima facie case of copyright infringement, a plaintiff must show that (1) it owns a valid copyright in the [work] and (2) defendants copied protected elements from the [work]." *Smith v. Casey*, 741 F.3d 1236, 1241 (11th Cir. 2014) citing to *Saregama India Ltd. v. Mosley*, 635 F.3d 1284, 1290 (11th Cir. 2011) (alterations in original) (internal quotation marks omitted).   Plaintiffs have a registered copyright, and are entitled to the presumption of validity and originality that accompanies that registration certificate.   The Copyright Act provides that such a certificate "shall constitute prima facie evidence of the validity of the copyright and of the facts stated in the certificate." 17 U.S.C. § 410(c); see also *Progressive Lighting, Inc. v. Lowe's Home Ctrs., Inc*., 549 Fed. Appx. 913, 918 (11th Cir. 2013). "Once a plaintiff produces a certificate of registration, the burden shifts to the defendant to establish that the work in which the copyright is claimed is unprotectable . . . ." *Latimer v. Roaring Toyz, Inc.,* 601 F.3d 1224, 1233 (11th Cir. 2010).   Defendants have failed to establish that the Plaintiffs' copyrights are unprotectable. Defendants Motion does not challenge the Copyright registration nor that Defendants copied protected elements.

Although not a consideration in deciding this Motion to Dismiss, in order to establish copying, the plaintiff must show that the defendant had access to the copyrighted work and that the two works are so "substantially similar" that an average lay observer would recognize the alleged copy as having been appropriated from the original work. *Calhoun v. Lillenas Publ'g*, 298 F.3d 1228, 1232 (11th Cir. 2002). If the plaintiff cannot show access, the plaintiff may still prevail by demonstrating that the works are "strikingly similar." *Id.* at 1232 n.6. Striking similarity exists where the proof of similarity in appearance is so striking that the possibilities of independent creation, coincidence, and prior common source are, as a practical matter, precluded. *Corwin v.*

12

*Walt Disney Co.*, 475 F.3d 1239, 1253 (11th Cir. 2007).    The factual analysis of whether the Defendants product packaging is strikingly similar to Plaintiffs copyrights is not appropriate for a motion to dismiss.

The Motion to Dismiss lacks any legal support or discussion regarding copyright. Instead the brief ¶56-59 discusses trade dress. The cases cited *Shevy Custom Wigs, Inc. v. Aggie Wigs*, 2006 U.S. Dist. LEXIS 83495, at *1 (E.D.N.Y. Nov. 17, 2006) and *Roulo v. Russ Berrie & Co.*, 886 F.2d 931, 934 (7th Cir. 1989) discuss distinctiveness as it relates to trade dress. The Amended Complaint does not allege that the copyrights are distinctive or inherently distinctive, as this is not a concept applied in copyright law, but is used in trademark and trade dress. The distinctiveness analysis is misplaced and does not advance any supportable argument against the Amended Complaint.

Plaintiffs have successfully pled facts and allegations sufficient to sustain a Count for Copyright Infringement.    Plaintiffs have pled ownership of two (2) copyright registrations (FAC, ¶¶24-25, Exhibits 5 and 6) and that Defendants' have copied these registrations (FAC, ¶¶50, Product Tube images and Chart A text comparison).    Accordingly, Defendants' Motion to Dismiss must be denied.

### C.   Plaintiffs' Box and Tube are Subject to Copyright Protection

Plaintiffs' Product Tube and Box are subject to Copyright Protection and the validity of the Copyright Registrations is presumed.    See 17 U.S.C. §410(c).    Additionally, Plaintiffs' Product Tube and Box Copyright Registrations include not only the words, but the selection and arrangement of those words.    See *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361

(1991). Not only did Defendants copy the text, but Defendants copied the selection and arrangement of those words on their own product tube and box.

Plaintiffs have registered copyrights, and are entitled to the presumption of validity and originality that accompanies that registration certificate. The Copyright Act provides that such a certificate "shall constitute prima facie evidence of the validity of the copyright and of the facts stated in the certificate." 17 U.S.C. § 410(c); see *Progressive Lighting, Inc. v. Lowe's Home Ctrs., Inc.,* 549 Fed. Appx. 913, 918 (11th Cir. 2013). It is well-established principle of copyright law that "[t]he selection and arrangement of preexisting material . . . is entitled to copyright protection." *Penelope v. Brown*, 792 F. Supp. 132, 135 (D. Mass. 1992) citing *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co*., 499 U.S. 340, 361 (1991). A compilation even of uncopyrightable elements is eligible for copyright protection, 17 U.S.C. § 103, so long as the compiler independently selects or arranges the elements and "display[s] some minimal level of creativity" in doing so. *Home Legend, LLC v. Mannington Mills, Inc.,* 784 F.3d 1404, 1411 (11th Cir. 2015) citing to *Feist*, 499 U.S. at 358; see also *id.* at 359 ("[T]he vast majority of compilations will pass this test . . . . [except those in the] narrow category of works in which the creative spark is utterly lacking or so trivial as to be virtually nonexistent."). Plaintiffs tube and box display a level of creativity in the selection and coordination of the arrangement of the words, and show a level of originality sufficient to exceed the low bar required to sustain a copyright.

Moreover, the question of whether a work is sufficiently original to merit copyright protection is a question of fact. See *BUC Int'l Corp. v. Int'l Yacht Council Ltd*., 489 F.3d 1129, 1151 (11th Cir. 2007) (noting that "[t]he jury's determination that BUC's copyrights were valid was necessarily based on several factual findings, including that BUC's compilation contained

14

original elements of creative authorship.")   A question of fact is not appropriately decided in a motion to dismiss.

The reason that copyright protection is afforded to selection and arrangement of text is apparent when you compare the Plaintiffs' Product Box and Tube next to Defendants' product box and tube.   It is evident that Defendants' product box and tube are substantially similar to Plaintiffs' and that identical phrases have been lifted from Plaintiffs' Product Box and Tube.   For example, the bullet points on the face of Defendants' product tube are identical to those on Plaintiffs' Product Tube.   Both Plaintiffs and Defendants product tube include: "·Fast-Acting Anti-Wrinkle ·Intensive Firming ·24-Hr. Hydration ·Under-Eye Treatment ·Antioxidant ·De-Hyperpigmentation".   See FAC, ¶50, Product Tube Comparison images and Chart A, Product Tube text comparison.   These phrases are **identical, appear in the same order, and both are presented with bullet points.**   What is the chance?   Even the choice to abbreviate the word hour to "Hr." was copied.   This is one example out of many that show evidence of copying and it becomes particularly evident when viewed in light of the selection of the text and arrangement of the text.   Overwhelming evidence of copyright infringement has been provided on the face of complaint and is enough to permit the Court to deny Defendants' Motion to Dismiss.

### D.  Plaintiffs' Common Law Unfair Competition is Well Pled

Just as Count I for false advertising and Count II for Copyright Infringement were sufficiently pled, Count III for Unfair Competition under Florida Common Law is likewise sufficiently pled.   Courts have traditionally applied state law concepts along with Federal ones. For example, the legal standards a court applies to a Florida Deceptive and Unfair Trade Practices Act, Fla. Stat. § 501.201 et seq. (2012), claim are the same as those the court has applied under §

43(a) (15 U.S.C.S. § 1125(a)) of the Lanham Act, 15 U.S.C.S. §§ 1051-1127. See *Suntree Techs., Inc. v. Ecosense Int'l, Inc.*, 693 F.3d 1338, 1345 (11th Cir. 2012) citing to *Crystal Entm't & Filmworks, Inc. v. Jurado*, 643 F.3d 1313, 1323 (11th Cir. 2011); see also *Custom Mfg. and Eng'g, Inc. v. Midway Servs., Inc.,* 508 F.3d 641, 652 (11th Cir. 2007). "Courts may use an analysis of federal infringement claims as a 'measuring stick' in evaluating the merits of state law claims of unfair competition." *Planetary Motion, Inc. v. Techsplosion, Inc*., 261 F.3d 1188, 1193 n.4 (11th Cir. 2001). Therefore, because Plaintiffs' have sufficiently pled false advertising under Lanham Act 15 U.S.C. §1125(a) in Count I as set forth above, Plaintiffs have likewise sufficiently pled Unfair Competition under Florida Common Law.

## V.  **Conclusion**

Defendants fail to meet the threshold of establishing a lack of subject matter or a failure to state a claim, therefore, their Motion to Dismiss must be denied. Defendants fail to support their motion with any facts allegedly missing from the FAC. To the contrary, the FAC contains significant factual support for each and every Count. See ECF 30, ¶ 8-32, and incorporated within the Counts in 34-47, 49-60, 62-79. Defendants' Exhibits A-C are outside the four corners of the Complaint, should not be considered in the context of a Motion to Dismiss, and should be struck from the record. In light of the well pled FAC, Defendants Motion to Dismiss must be denied.

Dated: August 28, 2019 /s/ *Darren Spielman*
Darren Spielman (FL Bar 10868)
dspielman@complexip.com
Robert Kain (FL Bar 266760)

16

rkain@complexip.com
Kain Spielman, P.A.
900 SE 3rd Ave. Suite, 205
Ft. Lauderdale, FL 33316
Tel: 954-768-9002
Fax: 954-768-0158
Attorneys for Plaintiffs

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on <u>August 28, 2019</u>, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified below on the Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties not authorized to receive electronically Notices of Electronic Filing.

By: /s/<u>*Darren Spielman*</u>
Darren Spielman

Stephen T. Millan, Esq.
smillan@millanlawfirm.com
Millan Law Firm P.A.
555 NE 34th Street, Suite 1675
Miami, FL 33130
305-363-2745

17